UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ELDRIDGE TERRON FISHER, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CAUSE NO. 3:11-CV-383 RM |
| ) | |
| ) | |
| TIMOTHY G. MILLER, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Eldridge Terron Fisher, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 603. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Fisher alleges that he was denied medical care for a tooth problem at the Miami County Jail. According to the complaint, Mr. Fisher arrived at the jail on June 13, 2011, and sometime around June 22, 2011, he began experiencing "severe pain" in one of his teeth. (DE 1 at 7.) On that date he received a medical screening by Nurse Betsy Van Meter; he told her about his tooth pain and asked for dental care. He also told her that he had dental insurance and could pay for the visit himself. According to Mr. Fisher, Nurse Van Meter's sole response was to tell him "to obtain some pain relievers from [the] commissary." (Id.) A guard overheard this conversation and told Mr. Fisher to fill out a request for medical care, which he did that same day. (Id.; DE 1-1 at 1.) A day or two later, Nurse Van Meter brought him a small envelope containing cloves as a home remedy for his tooth pain, but she took no other action to find the source of his tooth pain or help him get an appointment with a dentist. Mr. Fisher says he tried the cloves having no other alternative, but they didn't ease his pain.

A few days later, Jail Commander Brian Raber spoke with Mr. Fisher about his request for dental care, and told him he could take the July 6 dental appointment of a detainee who had been released. The day before the scheduled appointment, Commander Raber spoke with Mr. Fisher again, and told him that he had to "pre-pay an estimated $80.00 for dental service" or he couldn't see the dentist. (DE 1 at 4.) Mr. Fisher didn't have $80 in his inmate trust account, but he told Commander Raber he had his own dental insurance that would cover the visit. He says Commander Raber still wouldn't let him see the dentist.

Twice after this conversation, Mr. Fisher sought to speak directly with Sheriff Timothy Miller about his dental problem by filling out an "inmate non-emergency request." (DE 1 at 5; DE 1-3.) The first time, Commander Raber responded to the request and told Mr. Fisher he couldn't speak with the Sheriff unless he told Commander Raber the nature of his concern. (*Id.*, DE 1-3 at 1.) Mr. Fisher apparently had worries about telling Commander Raber why he wanted to talk to the Sheriff, given their prior conversations, and so he didn't do so. The second time, Mr. Fisher told Commander Raber that he wanted to talk to the Sheriff about his need for dental care. Commander Raber said he would "inform the Sheriff. . . that I wanted to speak with him." (DE 1 at 6.) Commander Raber never saw or spoke with the Sheriff. Mr. Fisher says that by this time, he had about $117 in his inmate trust account, but he still wasn't taken to see a dentist. He further claims that as a result of the lack of dental care, he suffered "excruciating pain" for several months, which interfered with his ability to eat. (DE 1 at 5; DE 1-1 at 1.) He claims that his tooth later became infected, resulting in the permanent loss of the tooth.

Because Mr. Fisher was a pretrial detainee at the time of these events, the Fourteenth Amendment, rather than the Eighth Amendment, applies. Lewis v. Downey, 581 F.3d 467, 475 (7th Cir. 2009). The applicable standards are functionally equivalent, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." Id. To establish liability for the denial of medical care, a prisoner must show: (1) he had an objectively serious medical need; and (2) an official acted with deliberate indifference to his health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical

3

need is "serious" if it is one that "a physician has diagnosed as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Conduct is deliberately indifferent "when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks omitted). To be held liable for deliberate indifference to an inmate's medical needs, a medical professional must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008).

As for the first prong, Mr. Fisher alleges that he suffered excruciating tooth pain over the course of several months, which interfered with his ability to eat and ultimately resulted in the permanent loss of his tooth. Giving Mr. Fisher the inferences to which he is entitled at this stage, he has alleged a serious medical need. Berry v. Peterman, 604 F.3d 435, 440 (7th Cir. 2010) (tooth decay and serious tooth pain constituted objectively serious medical condition); Board v. Farnham, 394 F.3d at 480–481 n.4 (observing that tooth problems can lead to bacterial infections or coronary problems, either of which could cause serious injury or even death).

As for the second prong, Mr. Fisher claims that Nurse Van Meter was deliberately indifferent to his medical needs. As already recounted, he alleges that he told her about the severe pain he was experiencing and his need to see a dentist, and her response was to tell him to buy some pain medication at the commissary. She later gave him some cloves as a home remedy for his pain. The complaint can be read to allege that she did nothing else to assess his medical need or otherwise help him see a dentist. Giving Mr. Fisher the inferences to which he is entitled, he has alleged a deliberate indifference claim against Nurse Van Meter. Berry v. Peterman, 604 F.3d at 442-443 (reversing entry of summary judgment for jail nurse who was aware of prisoner's tooth pain and ineffectiveness of pain medication but failed to take action to help him obtain a dental exam).

Mr. Fisher next sues Commander Raber, claiming that he prevented him from seeing the dentist and was dismissive of his subsequent complaints. As a non-medical staff member, Commander Raber might ordinarily be entitled to defer to the judgment of medical staff regarding Mr. Fisher's care. *See* Hayes v. Snyder, 546 F.3d 516, 526 (7th Cir. 2008). "[N]onmedical officials can be chargeable with the Eighth Amendment scienter requirement of deliberate indifference where they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." Id. at 527. Taking the allegations in the complaint as true, Commander Raber knew Mr. Fisher's dental needs were not being met, because it was his own actions that prevented Mr. Fisher from seeing the dentist. Assuming the complaint's allegations to be true, there appear to be no legitimate financial reasons for Commander Raber's actions,

since Mr. Fisher had his own dental insurance and later obtained enough money to cover the cost of the dental visit. Giving Mr. Fisher the inferences to which he is entitled at this stage, he has stated a deliberate indifference claim against Commander Raber.

For Sheriff Miller to be held liable under 42 U.S.C. § 1983, he must have been personally involved in the violation of Mr. Fisher's constitutional rights. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001). He can't be held liable just because he was the official overseeing the jail. Id. Mr. Fisher alleges that Commander Raber told him he would convey his concerns to Sheriff Miller. He has no indication that Commander Raber actually did convey his concerns. Even if Commander Raber did so, merely having notice of an inmate's medical problem wouldn't make the Sheriff liable under 42 U.S.C. § 1983. *See* Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). Sheriff Miller will be dismissed as a defendant.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed on a claim against Brian Raber and Betsy Van Meter in their individual capacities for compensatory and punitive damages for denying him dental care in violation of the Fourteenth Amendment;

(2) DISMISSES Timothy Miller;

(3) DISMISSES all other claims;

(4) DIRECTS the U.S. Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Brian Raber and Betsy Van Meter; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Brian Raber and Betsy Van Meter respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: December  6 , 2011

                /s/ Robert L. Miller, Jr.
                Judge
                United States District Court

cc: E. Fisher